UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ALEXANDRA TORRES,                                    Case No. 14-37406-RBR
                                                     Chapter 7
        Debtor(s).
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT
WITH DEBTOR AND JUAN PARRA**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Alexandra Torres (the *"Debtor"*), by and through undersigned counsel, and pursuant to *Fed. R. Bankr. P. 9019*, seeks an Order from this Court approving a settlement between the Trustee and the Debtor and Juan Parra (collectively, the "*Parties*"). In support of this relief, the Trustee states the following:

### I.  Background

A.  *The Debtor*

1.  On December 16, 2014, the Debtor, Alexandra Torres (the *"Debtor"*) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Subsequently, Kenneth A. Welt was appointed as the Chapter 7 Trustee.

B.  *The Real Property*

2.  The Debtor is the entireties owner with Juan Parra of a cotenancy with two third parties of an interest in that certain real property asset (the *"Real Property"*) more particularly

described in the mortgage (the *"Mortgage"*) attached as <u>Exhibit I</u> to the settlement agreement (the *"Settlement Agreement"*), which is (itself) attached as **Exhibit A** to this Motion.

## II. Settlement Terms

3. The terms of the settlement between the parties (the "*Settlement*") are the following: the Debtor and Juan Parra shall pay (or cause to be paid) the total sum of $7,500.00 to the Trustee (*"Settlement Payment"*) over a period of twelve (12) months following the date upon which the order of the Bankruptcy Court approving this Stipulation becomes final and non-appealable (the *"Effective Date"*), with each party to bear their own attorneys' fees and costs relating to the Settlement. The Trustee shall abandon any interest the estate may have in the Real Property, and shall release the Debtor and Juan Parra from all claims related to the Real Property.

## III. Relief Requested

4. The Trustee seeks an Order from this Court approving the Settlement. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

5. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

6. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the

lowest point of the range of reasonableness.  *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors (collectively the ***"Justice Oaks Factors"***).  The terms of the agreement described above clearly meet the requirements of approving settlements imposed by law.

### IV. The Settlement should be Approved

7. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness, and thus, should be approved.

    a.    *Probability of Success in Litigation*

8. The first Justice Oaks Factor, the probability of success in litigation, weighs heavily in favor of approval. Although the Trustee, absent settlement, would pursue his claim against the Debtor, given the scope and complexity of the issues involved and potential defenses to the action, the Trustee is not certain of complete success in litigation.

    b.    *Collectability*

9. Based upon the Trustee's review of the ever-changing real estate market, it is not apparent whether successfully determining the Real Property to be property of the Estate would yield any benefit to the Estate.

    c.    *Complexity and Attendant Expense, Inconvenience and Delay*

10. The third Justice Oaks Factor, the complexity of the litigation and its expense, inconvenience, and delay, also weigh in favor of approval.  The issues involved are not

particularly complex in theory, but wading through the relevant facts, documents and defenses will cause the estate to incur significant expense, inconvenience and delay should the Trustee be required to litigate with the Debtor, or the Real Property's alleged owners.. In any event, litigation will not benefit the Estate as much as the settlement. The Settlement Agreement provides the Trustee with an immediate and significant settlement payment without the risks of protracted litigation.

11. In sum, the claim outlined above is a typical claim litigated before this Court, but still potentially requires extensive fact discovery before a trial could take place. The result of these efforts may be fees of professionals that would exceed any recovery to creditors in the Debtor's bankruptcy case.

12. The Settlement eliminates these concerns. The parties avoid litigating fact specific claims, with the attendant expense and delay of litigation being nullified, resulting in a greater net benefit to the Estate. Thus, this factor weighs in favor of approval.

      d.    *Paramount Interest of Creditors*

13. The final factor, the paramount interests of creditors, weighs in favor of approval. The Settlement Payment provides an infusion of funds available to creditors for distribution. The result gives certainty to the estate and avoids the risk, expense and delay attendant with litigation. It was this that led the Trustee to determine that the Settlement was in the best interests of the estate. As such, the Settlement is in the paramount interest of the Debtor's creditors and should be approved.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (similar in form to the Order attached as **Exhibit B**) (1) approving the Settlement; and (2) granting such other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2015, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1**; and served via U.S. Regular Mail to all parties listed on the matrix attached as **Exhibit 2**.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR

This Settlement Stipulation (the *"Stipulation"*) is entered into this 8th day of February, 2015 between Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Alexandra Torres (the *"Debtor"*), and the Debtor, and Juan Parra (collectively the *"Torres Owners"*). Collectively, the Trustee and the Torres Owners are referred to herein as the *"Parties."*

### RECITALS

WHEREAS, on December 16, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [ECF No. 1];

WHEREAS, Kenneth A. Welt was subsequently appointed Chapter 7 trustee for the Debtor's bankruptcy estate;

WHEREAS, pre-petition, the Owners are the joint owners (as tenants in common with Martha Parra and Ricardo Soler) of that certain real property (the *"Real Property"*) interest by virtue of the warranty deed attached hereto as Exhibit 1;

WHEREAS, the Debtor's Schedule A reflects a secured claim on the Real Property in the amount of $130,167.00;

WHEREAS, there is joint debt in this case;

WHEREAS, the Trustee asserts that the Real Property has a current fair market value of $183,341.00; with $53,000.00 remaining in equity value (*"Equity Claim"*) on the Real Property, and thus the Torres Parties' interest is worth $26,500.00;

WHEREAS, the Trustee asserts that the Torres Owners' interest in the Real Property became property of the estate upon the filing of the Petition;

EXHIBIT A

WHEREAS, the Torres Owners dispute the Trustee's post-petition estate ownership interest in the Real Property, and assert the Real Property is owned by her family members;

WHEREAS, the Torres Owners desire to repurchase any interest they may have in the Real Property;

WHEREAS, the Trustee and the Torres Owners believe that the amicable and prompt settlement is in the Parties' best interest and will avoid substantial costs of litigation.

**NOW, THEREFORE**, in consideration of the promises and covenants contained herein, the Parties enter into the following Stipulation under the following terms and conditions:

## TERMS AND CONDITIONS

1. <u>Recitals</u>: The above recitals are incorporated herein and made a part hereof and each of the Parties acknowledge that the recitals are true and correct to the Parties' knowledge, information, and belief, and each is a material inducement to enter into this Stipulation.

2. <u>Authority</u>: The Parties each acknowledge they have the authority to execute this Stipulation and that this Stipulation shall be binding on each of the persons and entities executing this Stipulation.

3. <u>Bankruptcy Court Approval</u>: This Stipulation shall be subject to Bankruptcy Court approval. The Trustee shall promptly file a motion with the Bankruptcy Court seeking approval of this Stipulation upon execution by the Parties. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation.

4. <u>Consideration</u>: The Torres Owners agree to pay, and the Trustee agrees to accept, the total sum of $7,500.00 (the *"Settlement Amount"*) in satisfaction of the obligations set forth herein over a period of twelve (12) months following the date upon which the order of the Bankruptcy Court approving this Stipulation becomes final and non-appealable (the *"Effective*

*Date"*). Payments shall be made on or before the first (1st) day of each month following the Effective Date, in the amount of $625.00, payable to Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee, 1776 Pine Island Rd, #101, Plantation, FL 33322

5.  Attorneys' Fees: In the event either Party is required to enforce this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and court costs.

6.  Default: In the event of a default under this Stipulation, the Trustee will notify Debtor's counsel, Timothy S. Kingcade, Esq., of said default by email transmission at tsk@miamibankruptcy.com. If said default is not cured within five (5) calendar days of the notice of default, the Debtor agrees that, upon an ex parte motion to the Bankruptcy Court, the Trustee shall be entitled to (1) an accelerated, liquidated amount due under this Stipulation in the amount of $26,500.00, with no defense other than payment; and (2) a foreclosure of mortgage (the *"Mortgage"*) of the Torres Owners' interest in the Real Property, with no defense other than payment.

7.  Mortgage: The Torres Owners shall execute and deliver to the Trustee the Mortgage, which shall be in the form attached hereto as Exhibit II, and which shall secure the Torres Owner's obligations hereunder.

8.  Disposition of Real Property. Within seven days after the date on which the Trustee receives the full Settlement Amount, the Trustee shall abandon the estate's interest in the Real Property.

9.  Release by Trustee. Upon both the payment in full of the Settlement Amount and the occurrence of the Effective Date, the Trustee, on behalf of the Estate, shall release the Debtor, Juan Parra, Martha Parra and Ricardo Soler for any claim he may have to the Real Property.

10. **Release by Debtor Releasees**. Upon the occurrence of the Effective Date, the Torres Owners shall remise, release, acquit, and forever discharge Trustee (including Trustee's agents, attorneys, accountants, insurers, servants, employees, shareholders, members, and partners, and its respective heirs and personal representatives, all of the foregoing hereinafter collectively referred to as the *"Trustee Releasees"*), of and from any and all manner of claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, and demands whatsoever, in law or in equity, which Debtor Releasees had or now has against any of the Trustee Releasees for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Stipulation, whether known or unknown, direct or indirect, vested or contingent.

11. **Florida Law**: This Stipulation shall be construed in accordance with and governed by the law of the State of Florida. The parties agree that venue shall be proper in the United States Bankruptcy Court of the Southern District of Florida.

12. **Modifications**: This Stipulation, and any of the covenants, conditions and representations contained herein, may not be waived, changed, altered or modified except by an instrument in writing signed by the party against whom enforcement of such change is sought.

13. **Interpretation**: The Parties hereto each acknowledge that each has contributed substantially and materially to the negotiation and preparation of this Stipulation, and this Stipulation shall not be construed more strictly against one party than against another merely by virtue of the fact that it may have been prepared by counsel to one of the Parties.

14. **Counterparts**: This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same

agreement. A facsimile copy of this Agreement and any signatures thereon shall be considered for all purposes as originals.

**IN WITNESS THEREOF,** the Parties hereto have caused this Stipulation to be duly executed as of the day and year first written above.

By: _____ Date: 2/18/15
Kenneth A. Welt, as Trustee for the estate of Alexandra Torres

By: _____ Date: 2/18/15
Alexandra Torres

By: _____ Date: 2/18/15
Juan Parra

X _____ 2/18/15
Timothy S. Kingcade
Attorney for the Debtor

Prepared by:

Return to:

_____
(Space Above This Line For Recording Data)

# MORTGAGE

**This Indenture** Made this, by and between, **Alexandra Torres**, a married woman, **and Juan Parra**, a married man, hereinafter called the Mortgagors, whose address is 12106 Lymestone Way, Cooper City, FL 33026, and, **Kenneth A. Welt**, as and only as Chapter 7, whose address is 1776 Pine Island Rd, #101, Plantation, FL 33322, hereinafter called the Mortgagee:

> The terms "Mortgagors" and "Mortgagee", shall include heirs, personal representatives, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and/or artificial persons, whenever and wherever the context so admits or requires.

**Witnesseth**, that the said Mortgagors, for and in consideration of the STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR, a copy of which is attached hereto and made a part hereof, and other good and valuable consideration, the receipt of which is hereby acknowledged, does grant, bargain and sell to the said Mortgagee, and his successors and assigns, in fee simple, the following described land, situate, lying and being in the **County of Broward**, State of **Florida**, to-wit located at 2550 Camelot Court, Cooper City, Florida 33026 and described as follows:

> Unit 126, CAMELOT GARDENS, as recorded in Official Records Book 10656 at page 78 of the Public Records of Broward County, Florida, more particularly described as:
>
> Being a portion of Tract J of the Plat of ROCK CREEK PHASE II, as recorded in Plat Book 104, Page 34, of the Public Records of Broward County, Florida, and being more particularly described as follows:
>
> Commence at the Southeast corner of said Tract J and run thence South 89 degrees 57 minutes 01 seconds West, along the south line of said Tract J, a distance of 850.80 feet; thence Northwesterly and Northerly, along the Westerly boundary of said Tract J the following 2 courses, said Westerly boundary also being the Easterly Right-of-Way line of South Lake Boulevard; North 44 degrees 51 minutes 54 seconds West, a distance of 41.82 feet thence North 01 degrees 40 minutes 48 seconds West a distance of 142.89 feet; thence North 86 degrees 46 minutes 03 seconds East a distance of 66.45 feet to the POINT OF BEGINNING; thence continue North 86 degrees 46 minutes 03 seconds East a distance of 39.92 feet; thence South 03 degrees 13 minutes 57 seconds East, a distance of 33.92 feet; thence South 86 degrees 46 minutes 03 seconds West, a distance of 39.92 feet; thence North 03 degrees 13 minutes 57 seconds West, a distance of 33.92 feet to the POINT OF BEGINNING.

**EXHIBIT I**

Parcel Identification Number: 1001-05-0260

**Provided always**, that if said Mortgagors, or their successors or assigns, shall pay unto the said Mortgagee, or his successors or assigns, the amounts set forth in that STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR, of which a true and correct copy is attached, and Mortgagors shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant of said promissory note and of this mortgage, and shall duly pay all taxes, all insurance premiums reasonably required, all costs and expenses including reasonable attorney's fees that Mortgagee may incur in collecting money secured by this mortgage, and also in enforcing this mortgage by suit or otherwise, then this mortgage and the estate here created shall cease and be null and void.

Mortgagors hereby covenant and agree:

1. To pay the amounts due under the STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR, promptly on the days respectively the same severally come due.

2. To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the amount owed on the above described STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR.

3. To permit, commit or suffer no waste, impairment or deterioration of the property, or any part thereof.

4. If any of the sums of money due and owing to Mortgagee under the terms of the STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR and this mortgage, are not paid within 15 days after the same become due and payable, or if each of the stipulations, agreements, conditions and covenants of the promissory note and this mortgage, or either, are not fully performed or complied with the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the STIPULATION FOR SETTLEMENT AS TO REAL PROPERTY BETWEEN TRUSTEE AND DEBTOR secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without the Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

Executed at _MIAMI-DADE_ County, Florida on the date written above.

Signed, sealed and delivered in the presence of:

Witness Name: _Concetta Polimeni_

_____
Alexandra Torres

Witness Name: _CRISTINA AGUILA_

Witness Name: Concetta Polimeni

Witness Name: CRISTINA AGUILA

Juan Parra

State of __FLORIDA__

County of __MIAMI-DADE__

The foregoing instrument was acknowledged before me this __18th__ day of __Feb__, 2015 by __ALEXANDRA TORRES & JUAN PARRA__ who (__) are personally known to me or (X) have produced __FLORIDA ID's__ as identification.

Notary Public

__CRISTINA AGUILA__
Printed Name

My Commission Expires: _____



CRISTINA AGUILA
MY COMMISSION # EE 191772
EXPIRES: June 28, 2016
Bonded Thru Notary Public Underwriters

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ALEXANDRA TORRES,                                   Case No. 14-37406-RBR
                                                    Chapter 7
    Debtor(s).
_____/

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DEBTOR AND JUAN PARRA

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Settlement with Debtor and Juan Parra* (the "***Motion***") filed by Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Alexandra Torres[1]. The Court, having reviewed the Motion and noting that a Certificate of No Response and Request for Entry of Order has been filed, finds that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, and accordingly, it is:

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

EXHIBIT B

**ORDERED** as follows:

1.     The Motion is **GRANTED** and the terms of the Settlement Agreement, as described in the Motion are **APPROVED** and incorporated herein in their entirety.

2.     Each party shall bear their own attorneys' fees and costs relating to the Settlement.

3.     In approving the Settlement, the Court considered (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.

4.     The Court retains jurisdiction to enforce the terms of the Settlement.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar. No. 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Kenneth A. Welt, Trustee*

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Timothy S Kingcade    kingcadeserve@bellsouth.net, KGNotify@notify.cincompass.com;cag@ecf.inforuptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz

AT&T
PO Box 536216
Atlanta, GA 30353-6216

American Express
P.O. Box 3001
Malvern, PA 19355-0701

American Express
P.O. Box 3001 16 Warren Blvd
Malvern, PA 19355-0701

American Express Centurion Bank
200 Vesey St, 44th Floor
New York, NY 10285-0002

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Bakalar & Associates, P.A.
150 South Pine Island Road Suite 540
Plantation, FL 33324-2667

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank Of America
Attn: Correspondence
Unit/CA6-919-02-41
Po Box 5170
Simi Valley, CA 93062-5170

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Brian K Szilvasy
10550 Deerwood Park Blvd, # 300
Jacksonville, FL 32256-2805

Camelot Gardens HOA, Inc.
C/O J & L Management
10191 W. Sample Road, #203
Coral Springs, FL 33065-3952

Camelot Gardens HOA, Inc.
C/O Martin & Bennis, P.A., R.A.
319 SE 14th St.
Ft. Lauderdale, FL 33316-1929

Chase
Po Box 15298
Wilmington, DE 19850-5298

Chase
Po Box 24696
Columbus, OH 43224-0696

Chase Manhattan Mtge
3415 Vision Dr
Columbus, OH 43219-6009

Chase-Pier 1 Chase Card
Svcs/Attn: Bankruptcy Dept.
Po Box 15298
Wilmington, DE 19850-5298

Chase-pier
Po Box 15298
Wilmington, DE 19850-5298

Child Support Enforcemment
PO Box 8030
Tallahassee, FL  32314-8030

Citibank
PO Box 6550
Sioux Falls, SD  57117

Citibank, N.A
PO Box 6062
Sioux Falls, SD 57117-6062

Credit Collection Services
2 Wells Ave Dept 587
Newton, MA 02459-3225

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Doctors Express
2004 N. Flamingo Road
Pembroke Pines, FL  33028-3500

Emc Mortgage Corp
Po Box 293150
Lewisville, TX  75029-3150

Equifax
PO Box 740241
Atlanta, GA  30374-0241

Experian
PO Box 2002
Allen, TX  75013-2002

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Florida Department Of Revenue
PO Box 6668
Tallahassee, FL  32314-6668

EXHIBIT 2

| | | |
|---|---|---|
| Gecrb/Dillards<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | Gecrb/LA Weight Loss<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | Gecrb/jcp<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 |
| HSBC Mortgage Corp USA<br>2929 Walden Ave.<br>Depew, NY 14043-2690 | Hsbc Bank<br>1800 Tysons Blvd<br>Mc Lean, VA 22102-4267 | Inphynet South Broward, Inc.<br>Plantation Billing Center<br>PO Box 459078<br>Sunrise, FL 33345-9078 |
| Inphynet South Broward, Inc.<br>Plantation Billing Center<br>PO Box 189016<br>Plantation, FL  33318-9016 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Jonathan R Singer<br>4818 West Gandy Blvd<br>Tampa, FL 33611-3003 |
| Jp Morgan Chase<br>6716 Grade Lane, Building 9<br>Louisville, KY 40213-3410 | Juan Carlos Parra<br>12106 Lymestone Way<br>Cooper City, FL 33026-1012 | Julia Gomez<br>503 74th Street #B4<br>Miami Beach, FL 33141-2662 |
| Lab Corp Of America<br>Po Box 2240<br>Burlington, NC  27216-2240 | Law Offices of Daniel C. Consuergra<br>9204 King Palm Dr<br>Tampa, FL 33619-8331 | Memorial Healthcare System<br>2900 Corporate Way<br>Miramar, FL  33025-3925 |
| Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123-2255 | Midland Funding<br>PO BOX 60578<br>Los Angeles, CA  90060-0578 | Nissan Motor Acceptance<br>Po Box 660360<br>Dallas, TX 75266-0360 |
| NISSAN MOTOR ACCEPTANCE<br>CORPORATION<br>LOSS RECOVERY<br>PO BOX 660366<br>DALLAS TX 75266-0366 | Nissan-infiniti Lt<br>P.o. Box 660360<br>Dallas, TX 75266-0360 | NISSAN MOTOR ACCEPTANCE<br>CORPORATION<br>LOSS RECOVERY<br>PO BOX 660366<br>DALLAS TX 75266-0366 |
| Northstar Location Services, LLC<br>4285 Genesee St<br>Cheektowaga, NY  14225-1943 | O & L Law Group , P.L<br>4818 West Gandy Blvd.<br>Tampa, FL 33611-3003 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Quest Diagnostics<br>PO Box 4950<br>Southeastern, PA  19398-4950 | Rock Creek, Inc.<br>11700 Stonebridge Parkway<br>Cooper City, FL 33026-1116 | Rock Creek, Inc.<br>C/O Irvin W. Nachman, R.A.<br>4441 Stirlling Road<br>Ft. Lauderdale, FL 33314-7519 |
| Shantrell L. Lewis<br>150 South Pine Island Road Suite 540<br>Plantation, FL 33324-2667 | Syncb/care Credit<br>C/o Po Box 965036<br>Orlando, FL 32896-0001 | Syncb/dillards<br>Po Box 965024<br>Orlando, FL 32896-5024 |

Syncb/jcp
Po Box 965007
Orlando, FL 32896-5007

Target N.b.
Po Box 673
Minneapolis, MN 55440-0673

The Lofts At Byron Condomium Association
3399 NW 72nd Ave Suite 215
Miami, FL 33122-1343

The Lofts At Byron Condomium Association
501-503 505 74th St
Miami Beach, FL  33141

Transunion
PO Box 1000
Chester, PA  19016-1000

Unifund CCR, LLC
10625 Techwood Circle
Cincinnati, OH 45242-2846

Wells Fargo Bank
1 Home Campus X2303-01A
Des Moines, IA  50306

Wells Fargo Bank
711 W Broadway Rd
Tempe, AZ 85282-1218

Wffnb/El Dorado Furniture
Attn: BK Dept. Mac X2505-033
Po Box 10438
Des Moines, IA 50306-0438

Zwicker & Associates, P.C.
10550 Deerwood Park Blvd Bdg 300 Ste 300
Jacksonville, FL 32256-2805

Alexandra Torres
12106 Lymestone Way
Cooper City, FL 33026-1012

Kenneth A Welt
1776 Pine Island Rd #101
Plantation, FL 33322-5200

Timothy S Kingcade Esq
1370 Coral Way
Miami, FL 33145-2960